UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 04 2016

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ROBERT ROMEO CRISTEA,<br>DANIEL MARIUS MURARETU,<br>CRISTIAN VIOREL CIOBANU, and<br>BOGDAN MIREL CONSTANTIN,<br>Defendants. | Case No. _____<br><br>**16 CR 0182** |

**INDICTMENT**


Sealed

**THE GRAND JURY CHARGES:**

**Introduction**

At all times material herein:

1.  The term "access device" means any card, code, account number, electronic serial number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

2.  The term "unauthorized access device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

3.  The term "counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device.

## COUNT ONE
### (Conspiracy to Commit Access Device Fraud – 18 U.S.C. § 1029(b)(2))

1. The allegations set forth in the Introduction are re-alleged and incorporated herein.

2. From no later than in or about January 2016 and continuing until at least on or around February 26, 2016, in the Houston Division of the Southern District of Texas and elsewhere,

**ROBERT ROMEO CRISTEA,**
**DANIEL MARIUS MURARETU,**
**CRISTIAN VIOREL CIOBANU, and**
**BOGDAN MIREL CONSTANTIN**

the defendants, did knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit an offense against the United States, namely: Effecting Fraudulent Transactions With Access Devices Issued to Other Persons, in violation of 18 U.S.C. § 1029(a)(5).

### A. The Objective of the Conspiracy

The objective of the conspiracy was to steal money and property from the accounts of the customers of financial institutions without the customers' permission.

### B. The Manner and Means of the Conspiracy

To achieve the objective of their conspiracy, the conspirators used the following manner and means:

1. The conspirators installed skimming devices on automatic teller machines (ATMs), which they used to record customer information encoded onto the magnetic stripe of customers' ATM cards. The account information stolen from each card constituted an unauthorized access device.

2

2. The conspirators also installed devices that they used to record confidential personal identification numbers (PINs) entered by customers at ATMs. Each PIN that was obtained in this manner constituted an unauthorized access device.

3. The conspirators encoded the stolen account information on their own magnetic stripe cards, thus creating counterfeit access devices.

4. The conspirators used these magnetic stripe cards and the PINs they stole to access customers' bank accounts and withdraw money without permission.

C. **Overt Acts in Furtherance of the Conspiracy**

To further the conspiracy, and to accomplish its objectives, the conspirators and others known and unknown to the Grand Jury committed (and caused others to commit), among others, the overt acts listed below, in the Southern District of Texas and elsewhere.

| # | Date | Description of Overt Act |
|---|---|---|
| 1. | 2/19/16 | Cristian Viorel Ciobanu drove Daniel Marius Muraretu to 5801 S. Gessner Drive, Houston, Texas. |
| 2. | 2/19/16 | Daniel Marius Muraretu used access devices (card number and PIN) issued to victim E.B. to illicitly access at 5801 S. Gessner Dr., Houston, Texas the victim's First National Bank of Texas account and conduct a balance inquiry without permission. |
| 3. | 2/19/16 | Cristian Viorel Ciobanu used access devices (card number and PIN) issued to victim C.R. to illicitly access at 5801 S. Gessner Dr., Houston, Texas the victim's First National Bank of Texas account and conduct a balance inquiry without permission. |
| 4. | 2/21/16 | Robert Romeo Cristea drove Cristian Viorel Ciobanu to 1816 Shepherd Dr., Houston, Texas. |
| 5. | 2/21/16 | Robert Romeo Cristea used access devices (card number and PIN) issued to victim R.S. to illicitly access at 1816 Shepherd Dr., Houston, Texas the victim's First National Bank of Texas account and withdraw approximately $340 (not including fees) without permission. |
| 6. | 2/21/16 | Robert Romeo Cristea used access devices (card number and PIN) issued to victim J.V. to illicitly access at 1816 Shepherd Dr., Houston, Texas the victim's First National Bank of Texas account and withdraw approximately $400 (not including fees) without permission. |

| | | |
|---|---|---|
| 7. | 2/21/16 | Cristian Viorel Ciobanu used access devices (card number and PIN) issued to victim S.D. to illicitly access at 1816 Shepherd Dr., Houston, Texas the victim's First National Bank of Texas account and withdraw approximately $400 (not including fees) without permission. |
| 8. | 2/21/16 | Robert Romeo Cristea drove Cristian Viorel Ciobanu to 111 Yale Street, Houston, Texas. |
| 9. | 2/21/16 | Robert Romeo Cristea used access devices (card number and PIN) issued to victim S.L. to illicitly access at 111 Yale Street, Houston, Texas the victim's First National Bank of Texas account and withdraw approximately $600 (not including fees) without permission. |
| 10. | 2/21/16 | Robert Romeo Cristea drove Cristian Viorel Ciobanu to 1919 West Gray, Houston, Texas. |
| 11. | 2/21/16 | Cristian Viorel Ciobanu used access devices (card number and PIN) issued to victim S.A. to illicitly access at 1919 West Gray, Houston, Texas the victim's First National Bank of Texas account and withdraw approximately $400 (not including fees) without permission. |
| 12. | 2/23/16 | Bogdan Mirel Constantin drove himself and Daniel Marius Muraretu to 11525 South Highway 6, Sugar Land, Texas. |
| 13. | 2/23/16 | Bogdan Mirel Constantin used access devices (card number and PIN) issued to another person to illicitly access at 11525 South Highway 6, Sugar Land, Texas the victim's bank account and withdraw approximately $400 (not including fees) without permission. |
| 14. | 2/23/16 | Daniel Marius Muraretu used access devices (card number and PIN) issued to victim M.T. to illicitly access at 11525 South Highway 6, Sugar Land, Texas the victim's First National Bank of Texas account and withdraw approximately $200 (not including fees) without permission. |
| 15. | 2/23/16 | Bogdan Mirel Constantin drove himself and Daniel Marius Muraretu to 530 South Highway 6, Sugar Land, Texas. |
| 16. | 2/23/16 | Bogdan Mirel Constantin used access devices (card number and PIN) issued to victim J.G. to illicitly access at 530 South Highway 6, Sugar Land, Texas the victim's First National Bank of Texas account and withdraw approximately $200 (not including fees) without permission. |
| 17. | 2/23/16 | Daniel Marius Muraretu used access devices (card number and PIN) issued to victim C.C. to illicitly access at 530 South Highway 6, Sugar Land, Texas the victim's First National Bank of Texas account and withdraw approximately $400 (not including fees) without permission. |
| 18. | 2/23/16 | Bogdan Mirel Constantin drove himself and Daniel Marius Muraretu to 345 Highway 6, Sugar Land, Texas. |
| 19. | 2/23/16 | Bogdan Mirel Constantin used access devices (card number and PIN) issued to another person to illicitly access at 345 Highway 6, Sugar Land, Texas the |

| | victim's Bank of America account and withdraw approximately $360 (not including fees, if any) without permission. |
|---|---|

All in violation of 18 U.S.C. § 1029(b)(2) & (c)(1)(A)(ii).

## COUNT TWO
### (Effecting Fraudulent Transactions With Access Devices – 18 U.S.C. § 1029(a)(5))

1. The allegations set forth in the Introduction and in Count One are re-alleged and incorporated herein.

2. In or about the one year period between February 26, 2015 to February 26, 2016, in the Houston Division of the Southern District of Texas and elsewhere,

**ROBERT ROMEO CRISTEA,
DANIEL MARIUS MURARETU,
CRISTIAN VIOREL CIOBANU, and
BOGDAN MIREL CONSTANTIN,**

the defendants, each aided and abetted by the other, did knowingly and with intent to defraud effect transactions with access devices issued to other persons, to wit: ATM card numbers, account numbers, and PINs, to receive money, the aggregate value of which was at least $1,000, and which conduct affected interstate commerce or foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(5) & (c)(1)(A)(ii) and 2.

## COUNTS THREE TO TEN
### (Aggravated Identity Theft – 18 U.S.C. § 1028A)

1. The allegations set forth in the Introduction and in Counts One & Two are re-alleged and incorporated herein.

2. On or around the dates listed below, in the Houston Division of the Southern District of Texas, the defendants, each aided and abetted by the other, did knowingly transfer,

possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of 18 U.S.C. § 1029(a)(5).

| Count | Date | Defendant | Means of Identification Used |
|---|---|---|---|
| 3 | 2/23/16 | Daniel Marius Muraretu | Access devices (card number and PIN) issued to victim C.C. |
| 4 | 2/23/16 | Daniel Marius Muraretu | Access devices (card number and PIN) issued to victim M.T. |
| 5 | 2/21/16 | Cristian Viorel Ciobanu | Access devices (card number and PIN) issued to victim S.D. |
| 6 | 2/21/16 | Cristian Viorel Ciobanu | Access devices (card number and PIN) issued to victim S.A. |
| 7 | 2/21/16 | Robert Romeo Cristea | Access devices (card number and PIN) issued to victim R.S. |
| 8 | 2/21/16 | Robert Romeo Cristea | Access devices (card number and PIN) issued to victim S.L. |
| 9 | 2/23/16 | Bogdan Mirel Constantin | Access devices (card number and PIN) issued to victim M.T. |
| 10 | 2/23/16 | Bogdan Mirel Constantin | Access devices (card number and PIN) issued to victim C.C. |

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

### NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(2)(B))

Pursuant to Title 18, United States Code, Section 982(a)(2)(B), the United States gives notice to the defendants that in the event of conviction of the offenses charged in Counts One and Two of this Indictment, the United States intends to seek forfeiture of all property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

## NOTICE OF CRIMINAL FORFEITURE
## (18 U.S.C. § 1029(c)(1)(C))

Pursuant to Title 18, United States Code, Section 982(a)(2)(B), the United States gives notice to the defendants that in the event of conviction of the offenses charged in Counts One and Two of this Indictment, the United States intends to seek forfeiture of any personal property used or intended to be used to commit the offenses.

### Property Subject to Forfeiture

The defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

1. $11,126.71 in cash seized incident to the arrest of Defendant Cristea
2. $84,500 in cash seized from a storage unit at BullsEye Storage
3. T-Mobile Mobile (IMEI 864497021042489, S/N: 3284500815F4)
4. Samsung phone SM-G925F (IMEI: 359522/06/002196, S/N:RF8G4019ZZN)
5. Apple iPhone model A1549 (IMEI 354411066082 6436)
6. Two (2) skimming devices seized incident to the arrest of Defendant Cristea
7. Lenovo Edge 15 Laptop (S/N: R907CKZJ) with charging cable
8. Lenovo Laptop Model 100S (S/N: YD008KKW) with charging cable
9. Four (4) skimming devices seized from a storage unit at BullsEye Storage
10. Sony Laptop Model PCG-61A12L (S/N: 275450243039714) with power cord

### Money Judgment

The defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture. The amount of that money judgment is estimated to be, but is not limited to, at least $109,943.70 in United States dollars.

### Substitute Assets

The defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1) and 1029(c)(2).

DATED this _____ day of May 2016.

A TRUE BILL:

Original Signature on File

_____
Foreperson of the Grand Jury

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
Michael Chu
Assistant U.S. Attorney